Suzanne M. Watts
G. Bryan Ulmer, III
LAWYERS & ADVOCATES FOR WYOMING
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone: (307) 733-7290
Facsimile: (307) 733-5248

Attorneys for the Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 20 2004

Betty A. Griess, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GLENN WEIGEL AND DAVID WEIGEL INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF BRUCE JAMES WEIGEL, DECEASED, <br><br> PLAINTIFFS, <br><br> - VS - <br><br> WYOMING HIGHWAY PATROL COLONEL JOHN COX, IN HIS INDIVIDUAL CAPACITY; JOHN K. BROAD, INDIVIDUALLY; PHIL FARMAN, INDIVIDUALLY; AND JOHN DOES I-X IN THEIR INDIVIDUAL CAPACITY, <br><br> DEFENDANTS. | CIVIL NO. 04CV355-J |

## COMPLAINT AND DEMAND FOR JURY TRIAL

GLENN WEIGEL and DAVID WEIGEL, as Co-Personal Representatives of the Estate of BRUCE JAMES WEIGEL, deceased, for their Complaint against the defendants plead and allege as follows:

Receipt # 035133
Summons: 3 issued
  not issued

# I. INTRODUCTION

This is an action for damages brought by the heirs of Bruce J. Weigel, a citizen of the State of Colorado who was wrongfully killed through the negligent and unconstitutional acts and omissions of the above named defendants. Bruce J. Weigel was in the custody of Defendant Wyoming Highway Patrol at the time of his death. Having been securely restrained and laying on the ground, Wyoming Highway Patrol troopers continued to apply unreasonable pressure and weight to Bruce J. Weigel until he asphyxiated and died.

Claims for civil rights violations and tortious conduct are brought against the individual officers for their unconstitutional and excessive use of deadly force. Claims are also brought against Colonel John Cox, Patrol Director of the Wyoming Highway Patrol, in his individual capacity for failures to properly train and supervise law enforcement officers such that laws, rules and regulations regarding the use of excessive force and deadly force are not violated.

## II. PARTIES

1. Bruce James Weigel died on December 20, 2002, in the State of Wyoming while in the custody of Wyoming Highway Patrol officers.

2. Plaintiff Glenn Weigel is a citizen of the State of North Dakota, residing in the city of Bismarck, County of Burleigh. He is the natural brother of the decedent and has been appointed as a duly qualified co-personal representative of the Estate of Bruce James Weigel.

3. Plaintiff David Weigel is a citizen of the State of North Dakota, residing in the city of Mandan, County of Burleigh. He is the natural brother of the decedent and has been appointed as a duly qualified co-personal representative of the Estate of Bruce James Weigel.

4. Plaintiffs, in their capacities as Co-Personal Representatives of the Estate of Bruce James Weigel, bring this claim on behalf and for the benefit of all participating wrongful death beneficiaries entitled to damages as a result of Bruce Weigel's death.

5. Defendant Colonel John Cox is the Patrol Director of the Wyoming Highway Patrol. At all times relevant to the events described in this complaint, he was the commanding officer of Defendants John Broad and Phil Farman responsible for their hiring, training, supervision, and conduct. At all times relevant to the events described in this complaint he was acting in the course and scope of his employment. He is sued in his individual capacity.

6. Defendant John Broad was at all times relevant to the events described in this complaint employed by the Wyoming Highway Patrol serving as a peace officer. At all times relevant to the facts alleged in this complaint he was acting in the course and scope of his employment.

7. Defendant Phil Farman was at all times relevant to the events described in this complaint employed by the Wyoming Highway Patrol serving as a peace officer. At all times relevant to the facts alleged in this complaint he was acting in the course and scope of his employment.

8. All Defendants are responsible and liable to Plaintiffs for the death of Bruce J. Weigel.

### III. JURISDICTION & VENUE

9. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

10. This Court has jurisdiction over Plaintiff's civil rights claims pursuant to 28 U.S.C. § 1331 and 1343(a)(2)(3) and (4). The claims arise under the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983. Jurisdiction is proper in this Court.

11. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U. S. C. 1332 because the parties are citizens of different states and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

12. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any claims arising under Wyoming law.

13. Pursuant to 28 U.S.C. § 1391(b), venue for this case is the United States District Court for the District of Wyoming. The acts and omissions complained of occurred within the District of Wyoming. Venue is proper in this Court.

14. A notice of claim in proper form, complying with the provisions of the Governmental Claims Act, W.S. §1-39-101, et. seq. and containing an itemized statement in writing certified to under penalty of perjury was presented to the appropriate parties on December 17, 2004.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiff incorporates by reference the facts and allegations above as though fully set forth herein.

16. On December 20, 2002, at approximately 8:41 a.m. Bruce Weigel died while in the custody of the Wyoming Highway Patrol officers John Broad and Phil Farman.

17. At approximately 7:53 a.m. on December 20, 2002, Bruce Weigel was traveling north on Interstate 25 near mile marker 6 when was involved in a collision with Wyoming Highway Patrolman John Broad's Patrol Vehicle.

18. After the collision, Mr. Weigel was approached by Trooper Farman, who had witnessed the accident, and was asked to submit to sobriety testing. Mr. Weigel agreed.

19. While walking east across Interstate 25 (hereinafter referred to as I-25) to Trooper Farman's patrol car, Mr. Weigel was hit by a passing motorist's vehicle.

20. Mr. Weigel continued on foot east bound across I-25 through traffic nearly getting hit in the north bound lane by semi-trucks.

21. Trooper Farman was behind Mr. Weigel on foot and "tackled" him to the ground.

22. Trooper Broad ran over to assist Trooper Farman and a struggle ensued.

23. Trooper Broad handcuffed one of Mr. Weigel's wrists. The troopers enlisted the assistance of untrained witnesses to come and help subdue Mr. Weigel. Before the witnesses arrived at the struggle, the troopers had Mr. Weigel handcuffed.

24. After Mr. Weigel was handcuffed, the troopers requested that one of the witnesses tie Bruce Weigel's legs together.

25. The witness tied Mr. Weigel's legs together at the direction of the troopers.

26. By this time, Bruce Weigel was laying face down in the borrow ditch off of I-25 with his legs tied together and hands securely cuffed behind his back.

27. Despite the restraint, trooper Broad continued to hold down Weigel's upper body by applying pressure while Trooper Farman sat on Weigel and held his handcuffed arms.

28. The troopers admit that they continued to hold Weigel down after he was restrained.

29. Trooper Broad continued to apply pressure to Mr. Weigel's upper body while Trooper Farman continued to hold Mr. Weigel's arms.

30. The troopers continued to hold Weigel down after he quit struggling.

31. The troopers continued to hold Weigel down after he quit breathing, and after his heart had stopped.

32. At some point after Mr. Weigel was handcuffed with his feet tied together, his upper body restrained and his legs restricted, Trooper Farman went to his patrol car to get gloves.

33. When Trooper Farman returned to Mr. Weigel it was discovered that he did not appear to be breathing

34. The troopers initially believed that Mr. Weigel was faking and rubbed snow in his eyes.

35. When Mr. Weigel did not respond, the troopers rolled Mr. Weigel over onto his back, removed the handcuffs and began resuscitation attempts.

36. Attempts to resuscitate Mr. Weigel failed. He was pronounced dead upon arrival at Wyoming Medical Center.

37. Autopsy revealed that Bruce James Weigel died due to being physically restrained in a prone position.

38. Specifically, the autopsy concluded that Weigel most likely died from "mechanical asphyxiation caused by inhibition of respiration by weight applied to the upper back."

## V. FIRST CLAIM FOR RELIEF
### TITLE 42 U.S.C § 1983 VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS BY COLONEL JOHN COX IN HIS INDIVIDUAL CAPACITY AND JOHN DOES I-X IN THEIR INDIVIDUAL CAPACITY

39. Plaintiffs incorporate by reference the allegations above as though fully set forth herein.

40. Any and all actions and omissions of Defendants Colonel John Cox and John Does I-X alleged herein constitute actions or omissions under the color and pretense of the laws, statutes, ordinances, regulations, customs and usage of the State of Wyoming.

41. Colonel John Cox and John Does I-X are charged with the responsibility and duty to protect and serve the public by properly hiring, supervising, training, disciplining and controlling law enforcement officers under their command, including troopers Broad and Farman, so that the laws, rules and regulations regarding the use of excessive force and deadly force are not violated.

42. Colonel John Cox and John Does I-X failed to properly hire, supervise, train, discipline and control law enforcement officers under their command, including troopers Broad and

Farman, such that the laws, rules and regulations regarding the use of excessive force and deadly force were violated by troopers Broad and Farman.

43. Colonel John Cox and John Does I-X failure to properly supervise, train, discipline and control troopers Broad and Farman, and his failure to ensure compliance with the laws, rules and regulations regarding the use of excessive force and deadly force when the need for such training was so obvious amounts to reckless disregard, deliberate indifference to or tacit authorization of constitutional violations.

44. Colonel John Cox, in his capacity as supervisor of troopers Broad and Farman, and John Does I-X acquiesced and tacitly approved their unconstitutional conduct through their failure to discipline or re-train troopers Broad and Farman following the incident that resulted in Bruce J. Weigel's death and in the deprivation of his constitutional rights.

45. Colonel John Cox and John Does' I-X failure to properly supervise, train, discipline and control troopers Broad and Farman is a direct and proximate cause of and is affirmatively linked to the constitutional injury suffered by Bruce Weigel, deceased.

### VI. SECOND CLAIM FOR RELIEF
#### TITLE 42 U.S.C § 1983 VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS BY TROOPER BROAD AND TROOPER FARMAN IN THEIR INDIVIDUAL CAPACITIES

46. Plaintiffs incorporate by reference the allegations above as though fully set forth herein.

47. Any and all actions and omissions of Defendants WHP Troopers John Broad and Phil Farman alleged herein were acts and omissions which occurred within the course and scope of their employment with the Wyoming Highway Patrol and under the color and pretense of the laws, statutes, ordinances, regulations, customs and usage of the State of Wyoming.

48. Defendants John Broad and Phil Farman owed duties as agents and/or employees of the WHP to protect and to serve the public, including Bruce J. Weigel and those similarly situated.

49. Under the circumstances as the existed on December 20, 2002, Defendants WHP Troopers Broad and Farman had a duty not to use excessive or deadly force during their encounter with Bruce J. Weigel.

50. Defendants Broad and Farman, acting within the course and scope of their employment and under color of state law, instituted and followed policies, procedures and customs and acted in a manner which directly resulted in the objectively unreasonable seizure and the use of excessive force against Bruce J. Weigel, resulting in his injuries and death.

51. Defendants Broad and Farman had an affirmative duty to intercede on behalf of citizens, including Bruce J. Weigel, whose constitutional rights are being violated in his presence by other officers and/or civilians.

52. Defendants Broad and Farman despite their presence and opportunity, failed to intervene or otherwise take reasonable steps to prevent the unconstitutional deprivation of Bruce J. Weigel's constitutional rights and failed to prevent his death..

53. Defendants Broad and Farman acted jointly and with mutual understanding in restraining Bruce J. Weigel. By acting in concert to seize and restrain Bruce J. Weigel Defendants WHP Troopers Broad, Farman both personally contributed and conspired to commit unlawful acts by the use of excessive force inflicting injury and death upon Bruce J. Weigel.

54. Defendants Broad and Farman, acting within the course and scope of their employment and under color of state law, acted with deliberate and unreasonable conduct in effectuating Bruce J. Weigel's arrest, creating a serious known risk of physical trauma resulting in his death and in violation of clearly established law of which a reasonable Trooper/Officer should have known.

55. In the above stated actions WHP Troopers Broad and Farman caused Bruce J. Weigel to be deprived of his rights, privileges and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the acts and omissions described herein, Defendants Broad and Farman are liable in damages to plaintiffs for deprivations of their rights and those of Bruce J. Weigel under 42 U.S.C. § 1983.

## VII. THIRD CLAIM FOR RELIEF
### NEGLIGENCE OF TROOPERS JOHN BROAD AND PHIL FARMAN

57. Plaintiffs incorporate by reference the allegations above as though fully set forth herein.

58. Wyoming Highway Patrol Troopers John Broad and Phil Farman owed duties of reasonable care to Bruce J. Weigel which were breached by the unreasonable use of force and physical restraint which resulted in Bruce J. Weigel's death.

59. Defendants Broad and Farman, acting within the course and scope of their employment and under color of state law, acted jointly and with mutual understanding in restraining Bruce J. Weigel. By acting in concert to seize and restrain Bruce J. Weigel Defendants WHP Troopers Broad and Farman both personally contributed and conspired to commit unlawful acts by the use of excessive force inflicting injury and death upon Bruce J. Weigel.

60. At all times material herein the injuries and the resulting damages to the Plaintiffs and participating wrongful death beneficiaries were the direct and proximate result of the negligent acts and omissions of the Defendants and those acts/omissions committed at the direction of Defendants as more particularly set forth below in the section of this pleading entitled "Damages." Such negligent acts and omissions include, but are not limited to the following:

    a. Failure to exercise reasonable care under the circumstances;

b. Improper and unreasonable use of a deadly restraint;

c. Excessive use of force;

d. Failure to monitor Bruce J. Weigel during application of the restraint;

e. Failure to respond to Bruce J. Weigel's need for help after he was restrained;

f. Failure to render timely and appropriate medical care;

g. Use of unreasonable and deadly force resulting in Bruce J. Weigel's injuries and death;

h. Failure to exercise reasonable care in the enlistment of untrained witnesses to assist the troopers in the unlawful restraint of Bruce J. Weigel; and,

i. Failure to intercede, intervene or otherwise take reasonable steps to prevent the tortious and unlawful use of force and constitutional violations occurring in their presence.

61. As a direct and proximate cause and result of the acts and omissions as alleged herein, Plaintiffs were injured and suffered damages as more particularly set forth below in the section of this pleading entitled "Damages."

## VIII. FOURTH CLAIM FOR RELIEF
### NEGLIGENCE OF WYOMING HIGHWAY PATROL COLONEL JOHN COX AND JOHN DOES I-X

62. Plaintiffs incorporate by reference the allegations above as though fully set forth herein.

63. Defendants Wyoming Highway Patrol Colonel John Cox and John Does I-X owed a duty of reasonable care to Plaintiffs including, but not limited to, the duty to properly hire, train, supervise, control and discipline law enforcement officers under their command.

64. Defendants Wyoming Highway Patrol Colonel John Cox and John Does I-X owed a continuing duty to monitor and evaluate the performance of law enforcement officers under their control and to take all action necessary to ensure that members of the public, including Bruce J.

Weigel are not harmed by the unlawful and/or negligent acts and omissions of law enforcement officers under their control.

65. At all times material herein the injuries and the resulting damages to the Plaintiffs were the direct and proximate result of the negligent acts and omissions of the Defendants and Third Party Defendants as more particularly set forth below in the section of this pleading entitled "Damages." Such negligent acts and omissions include, but are not limited to, the following:

    a. Negligent hiring of troopers Broad and Farman;

    b. Negligent training of troopers Broad and Farman;

    c. Negligent supervision of troopers Broad and Farman;

    d. Negligent discipline of troopers Broad and Farman;

    e. Negligent retention of troopers Broad and Farman;

    f. Failure to institute policies, procedures, and customs in the use of force and deadly force which would have prevented Bruce Weigel's death;

    g. Failure to eliminate improper policies, procedures, and customs which result in the improper use of force and deadly force which, if eliminated, would have prevented Bruce Weigel's death;

    h. Failure to institute policies, procedures, and customs respecting the use of restraints and methods of restraint which would have prevented Bruce Weigel's death; and,

    i. Failure to eliminate improper policies, procedures, and customs which result in the improper use restraint and methods of restraint, which, if eliminated, would have prevented Bruce Weigel's death.

66. In addition to the independent allegations of negligence described above, Defendants Wyoming Highway Patrol Col. John Cox and John Does I-X are vicariously liable for the negligent acts and omissions of troopers Broad and Farman committed within the course and scope of their employment

67. Defendants Wyoming Highway Patrol Col. John Cox and John Does I-X are vicariously liable for the negligent acts and omissions, if any, of those citizens enlisted to assist the Wyoming Highway Patrol officers in the course of their employment.

68. As a direct and proximate cause and result of the acts and omissions of the Defendants as alleged herein, Plaintiffs were injured and suffered the damages as more particularly set forth below in the section of this pleading entitled "Damages."

## X. PUNITIVE DAMAGES

69. Plaintiffs incorporate by reference the allegations contained above as though fully set forth herein.

70. In addition to compensatory damages, Plaintiffs claim punitive damages against the Defendants in an amount to be proven at trial for civil rights violations and the willful and wanton acts and omissions of the Defendants as alleged herein. The acts and omissions of the Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others, including decedent Bruce J. Weigel. The Defendants committed the acts and omissions alleged herein and subjected Bruce J. Weigel to unconstitutional treatment that resulted in his death. The Defendants' actions should not be permitted in law or in fact. Moreover, these actions and/or inactions should be punished as an example so they are not repeated.

71. The recovery of punitive damages is permitted under the federal Civil Rights Act for reckless or callous indifference to the federally-protected rights of others and is therefore appropriate in this case. This instance of reckless and callous indifference to the constitutional rights and safety to Bruce J. Weigel should be punished through the imposition of punitive damages so as to make an example of conduct that will not be tolerated in our society.

## XI. ATTORNEYS' FEES

72. Plaintiffs incorporate by reference the allegations contained above as though fully set forth herein.

73. As a result of Defendants' actions and/or inactions as alleged herein, the Plaintiffs have been required to retain the services of various attorneys and are entitled to a reasonable amount of attorneys' fees pursuant to 42 U.S.C. § 1988 for those violations covered by the Act.

## XII. DAMAGES

74. Plaintiffs incorporate by reference the allegations contained above as though fully set forth herein.

75. The acts and omissions of the Defendants, as set forth above, resulted in injuries to, and the death of Bruce J. Weigel. By virtue of Bruce J. Weigel's death his right to seek redress for violations of his constitutional rights now passes to his estate and the Plaintiffs herein. Plaintiffs are surviving brothers of Bruce J. Weigel and the duly appointed co-personal representative of his estate. In such capacities, plaintiffs are entitled to collect on behalf of the beneficiaries of the estate for appropriate distribution as personal representatives, and on their own behalf, the following damages for wrongful death and violation of federally protected constitutional rights:

    a. Funeral and burial expenses;

    b. Loss of income, loss of future earnings, and loss of earning capacity;

    c. Pecuniary loss;

    d. For pain, suffering, mental anguish, and loss of enjoyment of life;

    e. Loss of support, maintenance, and contribution;

    f. Loss of services;

g. Loss of care, comfort, protection, companionship, association, advice and society;

h. Costs of this action and such other damages as are fair and just;

i. For punitive damages in a reasonable amount sufficient to adequately punish all Defendants and to deter future conduct of this type alleged in this pleading; and

j. For attorneys' fees and for other further relief as the Court deems equitable and proper.

76. As a direct and proximate result of the acts, errors and omissions of the Defendants and their employees as set forth herein, the Plaintiffs have suffered the damages alleged above.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

1. For general and special damages in an amount which will fairly and justly compensate the Estate of Bruce J. Weigel and the participating wrongful death beneficiaries for their compensable loss.

2. For punitive damages in a reasonable amount sufficient to adequately punish Defendants and to deter future conduct of the type alleged in this pleading;

3. For attorneys' fees pursuant to 42 U.S.C ¶ 1988; and

4. For costs of this action and for other and further relief as this Court deems equitable and proper.

DATED this 17th day of December, 2004

_____
Suzanne M. Watts
LAWYERS AND ADVOCATES FOR WYOMING

## DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, by and through counsel and requests this matter be tried to a jury and submits the requisite fee herewith.

DATED this 17th day of December, 2004

*[signature]*
Suzanne M. Watts
LAWYERS AND ADVOCATES FOR WYOMING